IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

TUNJULA SIMON,

    Plaintiff,

v.

ALLIED UNIVERSAL TECHNOLOGY
SERVICES, LLC, a foreign profit corporation,
a/k/a ADVENT SYSTEMS, LLC

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, TUNJULA SIMON, by and through his undersigned counsel and hereby files this Complaint against Defendant, ALLIED UNIVERSAL TECHNOLOGY SERVICES, LLC a/k/a ADVENT SYSTEMS, LLC ["ALLIED" or "Defendant"], a foreign profit corporation, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, retaliation, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215 ("FLSA"), for unpaid overtime and retaliation.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff SIMON is a resident of Palm Beach County, Florida.

5. Defendant ALLIED has a principal place of business located at 14900 Landmark Boulevard, Suite 350, Dallas, Texas 75254.

6. Plaintiff was employed with Defendant at its location at 800 Ironhorse Boulevard, West Palm Beach, Florida 33412.

7. This cause of action arose in Palm Beach County, Florida.

8. Palm Beach County, Florida is proper venue for this action because Plaintiff resides in Palm Beach County and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Palm Beach County, Florida.

9. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

10. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

12. Plaintiff is a non-exempt employee under the FLSA.

13. Plaintiff's job duties were such that she was individually engaged in commerce.

## COMMON ALLEGATIONS

14. Plaintiff was employed with Defendant from on or about May 20, 2004 up to and including her last day worked on November, 2019.

15. Plaintiff's position was Site Security Supervisor/Major. Her duties included conducting Access Control/Screening of all entries, ensured all guests, contractors, and vendors are authorized and properly logged in. Maintained gatehouse. Updated new homeowners into the computer system, installed barcodes for gate entry, posted orders.

16. At all times relevant herein she was assigned to and worked at Ironhorse Country Club in Palm Beach Gardens.

17. There were occasions Plaintiff worked over forty (40) hours due to her relief arriving late. On

these occasions, she would incur overtime but was not paid.

18. During the time Plaintiff was paid $16.50/hour.

19. Plaintiff is owed 32 hours of overtime at her time and one-half rate of $24.75/hour.

20. Plaintiff complained about not being paid overtime.

21. It was only after Plaintiff spoke up on the nonpayment of overtime that her employer engaged in adverse employment actions.

22. Plaintiff's objections and inquiries about her unpaid wages constitute protected activity.

23. Following her complaints, she was subjected to adverse employment actions including:

- Being removed from the schedule;
- Being told falsely that a board member wanted her removed from Ironhorse;
- Being promised a contract renewal and raise for her assignment at Ironhorse from the Board, but never receiving it from her employer;
- Falsely accused of wrongdoing;
- Falsely written up; and
- Permanently removed from the scheduled aka - terminated;

24. On November 24, 2019, Plaintiff met with Defendant about returning to work at her position at Ironhorse. Several of the residents had been upset at her removal. The residents and board members corresponded with Defendant and demanded her immediate return. Plaintiff learned that the neither the board nor any resident at Ironhorse had sought her removal, that it was in fact her employer, the Defendant, who removed her following her complaints about overtime.

25. While initially, following the residents' objections and demands to return her to Ironhorse, Defendant agreed to reinstate her; however, just days before doing so, Herbert Morency, the

manager of Defendant, started questioning Plaintiff about a house sitting incident that occurred in 2017-18. She was also questioned about a drill that was loaned to her during a Hurricane Warning that she was using to assist residents in getting their shutters installed. Apparently, the drill had later gone missing.

26. On December 2, 2019, Plaintiff was called in for another yet another meeting and inquisition while she was on vacation.

27. Plaintiff complained again that she felt that she was being treated unfairly and felt it was a result of seeking payment for all of her overtime hours.

28. As a result of her complaint, Plaintiff was taken off the schedule.

29. Further after Plaintiff's complaint, she received a disciplinary write-up and was informed the only job placements Defendant had paid $3.00-$6.50/hour less than what Plaintiff was making and was outside her commute area.

30. Defendant's actions are retaliatory.

31. Defendant failed to properly pay Plaintiff overtime as required by federal law.

**COUNT I**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 31, and incorporates the same as set forth fully herein.

32. Plaintiff is a covered, non-exempt employees and are entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

33. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

34. Plaintiff worked in excess of forty (40) hours per week without being compensated for all

overtime benefits by the Defendant.

35. Defendant failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

36. The Defendant's failure to properly compensate Plaintiff is a violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

37. Defendant's failure to pay Plaintiff's overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

38. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

39. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

40. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows:  that Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

**COUNT II**
**RETALIATION**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §215**

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 31, and incorporates the same as set forth fully herein.

41. Plaintiff had a good faith belief that her rights under the FLSA were being violated.

42. Plaintiff complained in good-faith to the Defendant.

43. Plaintiff's complaints constitute protected activity as that term is defined by the FLSA.

44. After engaging in protected activity, Plaintiff suffered adverse actions, including a disciplinary write-up and being removed from the work schedule, at the hands of the Defendant.

45. A connection exists between the Plaintiff's protected activity and the adverse actions taken by the Defendant.

46. Defendant's adverse actions are in retaliation for Plaintiff's protected activity.

47. Defendant's retaliatory actions were in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 215.

48. Defendant's retaliatory actions were the result of intentional, willful misconduct, such that Plaintiff is entitled to liquidated damages.

49. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.

50. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. section 216.

51. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

52. As a result of Defendant's conduct, Plaintiff is entitled to damages including liquidated damages, attorney's fees and costs, and other penalties allowable by law.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: that Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury on all issues so triable.

Dated this 4th day of February 2021.

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Cathleen Scott
> Cathleen Scott, Esq.
> Florida Bar Number 135331
> Primary e-mail: CScott@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> Secondary Address: 101 Northpoint Parkway
> West Palm Beach, FL 33407
> www.ScottWagnerLaw.com